[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 22, 2008
THOMAS K. KAHN
CLERK

No. 07-13395
Non-Argument Calendar

_____

D. C. Docket No. 06-01544-CV-TWT-1

ANNA WEISSINGER,
MYRON DALE TIDWELL,

Plaintiffs-Appellees-Cross Appellants,

versus

PATRICK MURRAY,
JOHNNY TUGGLE,

Defendants-Appellants-Cross Appellees.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

**(January 22, 2008)**

Before TJOFLAT, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

In this case, both parties filed interlocutory appeals from the district court's denial of their motions for summary judgment in the plaintiffs' civil rights action, brought under 42 U.S.C. § 1983. Patrick Murray and Johnny Tuggle (collectively "the defendants") appeal the district court's denial of their motion for summary judgment on qualified immunity grounds. Anna Weissinger and Myron Dale Tidwell (collectively "the plaintiffs") filed a cross-appeal from the denial of their motion for summary judgment. After a thorough review of the record, we affirm.

## I. Background

The civil rights action in the instant case arose from a domestic dispute between Tidwell, Weissinger, and Tidwell's adult son Jeremy, who was a member of the Forsyth County Sheriff's Department. Jeremy had been living with the plaintiffs after he separated from his wife. Jeremy and Tidwell had a dispute and Jeremy moved out; he was instructed that he was not permitted back on the property. Jeremy, however, had left some of his belongings, including his uniform shirts, at the plaintiffs' house. Jeremy's wife made arrangements to obtain the shirts from Weissinger.

Subsequently, while Tidwell was out of town, Jeremy contacted Cobb County Police to request a domestic standby to accompany him to the plaintiffs' house to recover his belongings. Officers Murray and Tuggle met Jeremy at a

2

nearby location, at which time Jeremy explained the situation to Murray, including the fact that he was not permitted to enter the property. When Jeremy, Murray, and Tuggle arrived at the house, they found no one home. Jeremy parked his car in the driveway and the three discussed how to retrieve Jeremy's items. At that time, Weissinger drove up and informed the officers that Jeremy was not allowed at the house. The officers warned Weissinger that she could be charged with theft by conversion if she refused to return Jeremy's belongings to him. When Weissinger attempted to call Tidwell and their attorney on her cell phone, Murray instructed her to get off the phone. Weissinger refused and moved away from Murray. Murray then arrested Weissinger for theft by conversion, handcuffed her, and placed her to the patrol car, at which time Weissinger gave Tuggle permission to enter the house and retrieve Jeremy's shirts. Tuggle took Jeremy with him to identify the clothing. Inside the house, Jeremy and Tuggle were unable to find the shirts; instead Jeremy took other clothing and items that he believed belonged to him. He also took a seed spreader from the garage. Weissinger agreed to help the officers locate the shirts in a box in the garage. After Tuggle gave the shirts to Jeremy, Jeremy left the house. Weissinger was transported to the Cobb County jail, and she was charged with misdemeanor obstruction. The charges were eventually dismissed. Weissinger was not charged with theft by conversion. As a

3

result of this incident, the police department investigated Murray and Tuggle and the officers were suspended.

The plaintiffs then filed the instant complaint, alleging that the defendants violated their Fourth Amendment rights. Both parties moved for summary judgment: the plaintiffs arguing that partial summary judgment was due on the issue of liability, and the defendants arguing that they were entitled to qualified immunity. The parties disputed whether Weissinger gave consent for Tuggle to enter her home and whether there was probable cause, or even arguable probable cause, to arrest Weissinger for either theft by conversion or obstruction.

The district court denied both motions, finding that (1) the defendants violated the plaintiffs' Fourth Amendment rights when they entered the house without a warrant, but there was a factual issue whether the officers had consent to enter the house; and (2) there were factual issues whether there was probable cause - or arguable probable cause - to support Weissinger's arrest. The defendants filed an interlocutory appeal of the denial of qualified immunity. The plaintiffs cross appeal the denial of the motion for summary judgment on the issue of liability.

The facts are disputed and we exercise our discretion to accept the district court's recitation of the facts for summary judgment purposes.[1] See Gonzalez v.

---

[1] We have jurisdiction for de novo review despite the absence of a final order. Foy v. Holston, 94 F.3d 1528, 1531 n.3 (11th Cir. 1996). The appellants raise the core qualified

<u>Lee County Hous. Auth.</u>, 161 F.3d 1290, 1294 (11th Cir. 1998).

Having considered the briefs and the relevant parts of the record, we find no reversible error in the district court's determination that there were factual issues to be resolved by the jury with respect to whether Weissinger gave consent to enter the house and whether there was arguable probable cause to arrest Weissinger. Summary judgment was properly denied for the reasons stated in the district court's order dated June 27, 2007.

**AFFIRMED.**

---

immunity issue (which is a legal issue) of whether, taking the facts in the light most favorable to the plaintiffs, clearly established federal rights were violated. It is the raising of this legal issue which permits us to review on interlocutory appeal the order denying qualified immunity. <u>See</u> <u>Cottrell v. Caldwell</u>, 85 F.3d 1480, 1484 (11th Cir. 1996). When we, like the district judge, view the facts for summary judgment purposes most favorably to the plaintiff, "a pure issue of law is created." <u>Cottrell</u>, 85 F.3d at 1486 n.3.